IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WALTER HERNANDEZ, SR.,
#47996-004                                                                                               PETITIONER

VS.                                                                   CIVIL ACTION NO. 3:19-cv-266-KHJ-FKB

WARDEN, UNITED STATES
PENITENTIARY YAZOO CITY                                                                RESPONDENT

### REPORT AND RECOMMENDATION

This is a petition for habeas corpus relief brought by federal prisoner Walter Hernandez, Sr. *See* 28 U.S.C. § 2241. Petitioner was incarcerated at the Yazoo City Federal Correctional Complex at the time he initially filed the action, but he has since been relocated to Marianna Federal Correctional Institution in Marianna, Florida.[1] *See* [19]. In his petition, Hernandez argues that he is "actually innocent" of his multiple "combination offenses" dating back to 1995 based on the decision of *Rosemond v. United States*, 572 U.S. 65 (2014). Having considered the filings, the undersigned finds that the petition should be dismissed as an "abuse of the writ" because another federal court has addressed his arguments in a prior § 2241 petition. *See* 28 U.S.C. § 2244(a).

I.      PROCEDURAL HISTORY

In 1995, Hernandez and several members of his family were convicted in the United States District Court for the Southern District of Florida of "various charges related to the 1989 murder-for-hire of the night watchman at their family business' warehouse, the burning of that

---

[1] Jurisdiction must be judged as of the time a petition is filed. *Lee v. Wetzel*, 244 F.3d 370, 375 n.5 (5th Cir. 2001). The district of incarceration has exclusive jurisdiction over an inmate's § 2241 petition challenging present physical confinement. *Id.* at 373-374; *Rumfeld v. Padilla*, 124 S. Ct. 2711, 2722-2723 (2004). Since Hernandez was incarcerated in this district when he filed his petition, jurisdiction and venue over his § 2241 petition are proper.

warehouse, and the ensuing fraud on the warehouse's insurer." *United States v. Hernandez*, 141 F.3d 1042, 1044 (11th Cir.), *cert. denied*, 525 U.S. 907 (1998). More specifically, the federal grand jury indictment charged them with "(1) a multi-object conspiracy to commit murder-for-hire, arson, and mail fraud, in violation of 18 U.S.C. § 371; (2) use of interstate commerce facilities in the commission of murder-for-hire, in violation of 18 U.S.C. § 1958; (3) arson, in violation of 18 U.S.C. § 844(i); (4) eight counts of mail fraud, in violation of 18 U.S.C. § 1341; and (5) using fire to commit a federal felony offense, i.e., mail fraud, in violation of 18 U.S.C. § 844(h)." *Id.* at 1047-1048. Additionally, Hernandez was charged with three counts of bank fraud, in violation of 18 U.S.C. § 1344. *Id.* at 1048. The jury convicted Hernandez on all counts after a five-week trial, and he received multiple life sentences and a consecutive 60-month term of imprisonment. *See United States v. Hernandez*, No. 1:94-cr-262-UU (S.D. Fla. Mar. 20, 1996), at [407] (judgment). After an appeal, the Eleventh Circuit affirmed his convictions on May 21, 1998. *Hernandez*, 141 F.3d at 1059.

Thereafter, Hernandez pursued various challenges to his convictions. On December 7, 1999, he filed a motion to vacate pursuant to 28 U.S.C. § 2255, which the court denied on the merits. *Hernandez v. United States*, No. 1:99-cv-2645-SH, 2000 U.S. Dist. LEXIS 23829, at *15-16 (S.D. Fla. Oct. 18, 2000); *see also* [29] (judgment). The Eleventh Circuit dismissed Hernandez's subsequent appeal as untimely. *See id.* at [44].

In 2011, Hernandez filed his first § 2241 habeas corpus petition, which was dismissed for failure to meet the requirements of the savings clause of § 2255(e).[2] *See Hernandez v. Augustine*, No. 5:11-cv-27-MP-GRJ, 2011 WL 5026167 (N.D. Fla. Oct. 4, 2011)(report and

---

[2] The "savings clause" exception of § 2255 allows a prisoner to resort to § 2241 if he establishes that a remedy under § 2255 is inadequate or unavailable. *See* 28 U.S.C. § 2255(e).

2

recommendation); 2011 WL 5026075, at *1 (N.D. Fla. Oct. 21, 2011)(order adopting report and recommendation).

More relevant to this Court's analysis, on January 24, 2017, Hernandez filed a § 2241 petition challenging his convictions based on *Rosemond*, 572 U.S. at 65.[3] *See Hernandez v. Warden*, No. 5:17-cv-25-MCR/CAS, 2018 WL 1042644, at *2 (N.D. Fla. Jan. 25, 2018)(report and recommendation); 2018 WL 1041558, at *1 (N.D. Fla. Feb. 23, 2018)(order adopting report and recommendation). In that § 2241 petition, Hernandez argued that his conviction for aiding and abetting was invalid based on retroactive application of *Rosemond*. *Hernandez*, 2018 WL 1042644, at *3. Finding that no court within the Eleventh Circuit had applied *Rosemond* retroactively to cases on collateral review and that Hernandez was "free to bring" his claims in a § 2255 motion to vacate, the district court concluded that Hernandez could not use the savings clause to pursue his claims in a § 2241 habeas corpus petition. *Id.* at *4-5 (quoting *McCarthan v. Dir. Of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1099 (11th Cir. 2017)). On appeal, the Eleventh Circuit denied Hernandez's motion for leave to proceed *in forma pauperis*, finding that any appeal of the district court's dismissal of the petition would be frivolous because he failed to establish "that the remedy under § 2255 was inadequate such that he was entitled to file a § 2241 pursuant to the saving[] clause." *Hernandez v. Warden*, 2018 U.S. App. LEXIS 18343, at *4 (11th Cir. July 5, 2018). Thereafter, the Eleventh Circuit dismissed the appeal for want of

---

[3] In *Rosemond*, the defendant was charged with aiding and abetting under 18 U.S.C. § 2 for violation of 18 U.S.C. § 924(c), which proscribes the use of a firearm during the commission of a violent crime or drug felony. The Supreme Court reversed the conviction, holding that in order to convict a defendant of aiding and abetting conduct which violates § 924(c), the government must prove that the defendant had advance knowledge that a firearm would be carried or used. *Rosemond,* 572 U.S. at 67.

prosecution because Hernandez failed to pay the filing and docketing fees. *Hernandez v. Warden*, 2018 WL 4737264 (11th Cir. Aug. 14, 2018).

In his current § 2241 petition, Hernandez again argues that *Rosemond* has "rendered him actually innocent of his 1995 aiding and abetting offenses." [2] at 1. He argues that *Rosemond* is retroactive, and that "his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion . . . ." *Id.* He further argues that the Eleventh Circuit has taken a more narrow approach than the Fifth Circuit in similar cases and, therefore, he would be eligible for § 2241 relief under this circuit's § 2255(e)'s savings clause jurisprudence. *Id.* at 10.

II.    DISCUSSION

As recounted above, Hernandez has previously filed a § 2241 habeas corpus petition arguing that he is entitled to relief under § 2255's savings clause because *Rosemond* should be retroactively applied to cases. Section 2244(a) allows the Court to dismiss a successive § 2241 habeas application, characterized as an "abuse of the writ." *Beras v. Johnson*, 978 F.3d 246, 251 (5th Cir. 2020)(dismissing a federal prisoner's § 2241 petition as "abuse of the writ" because it raised claims addressed in prior § 2241 petitions; obviating need for "savings clause" analysis). Section 2244(a) provides that:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.

28 U.S.C. § 2244(a)(1996).

There are generally two circumstances where a § 2241 petition should be dismissed as an "abuse of the writ." *Beras*, 978 F.3d at 252. First, "'a petitioner can abuse the writ by raising a

4

claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.'" *Id.* (quoting *McCleskey v. Zant*, 499 U.S. 467, 484 (1991)).  Second, "it is an abuse of the writ for a prisoner to raise the same claim a second time." *Id.*

In this case, Hernandez meets the second circumstance because he raised his *Rosemond* claim in his § 2241 petition filed in 2017 before the Northern District of Florida.  That court denied relief, and the Eleventh Circuit denied his application for leave to appeal *in forma pauperis* as frivolous.  Dissatisfied with that result, he has come to this Court seeking a more favorable decision.  However, § 2244(a) forecloses such forum shopping and repeated attempts to obtain relief.

The doctrine codified in § 2244(a) is nothing new.  The United States Supreme Court "has interpreted this statute to be consistent with the common-law 'judicial evolution' of the 'abuse-of-writ' principle." *Beras*, 978 F.3d at 251-252 (citing *McCleskey*, 499 U.S. at 484); *see also Davis v. Fechtel*, 150 F.3d 486, 490-491 (5th Cir. 1998)(finding that a third § 2241 petition qualified as abuse of the writ under pre- or post-AEDPA jurisprudence).  "As [the Fifth Circuit] has said many times, subsequent § 2241 applications are barred 'if the same legal issue . . . [is] addressed and resolved in [a] prior' application." *Beras*, 978 F.3d at 252 (citing cases).  And while § 2244(a) does not expressly apply to habeas cases filed under § 2241, several circuit and district courts have employed the statute to dismiss successive § 2241 habeas applications where the grounds raised in the second petition have been raised and denied in a prior § 2241 proceeding.  *See id.* at 246; *see also Edwards v. Hutchinson*, No. 9:21-01113-DCC-MHC, 2021 WL 5361836 (D. S.C. Aug. 24, 2021)(collecting cases); *Powers v. Davies*, No. 21-cv-472-JL,

5

2021 WL 3571500 (D. N.H. June 28, 2021)(dismissing § 2241 petition that raised claims brought in prior petition and additional claim that could have been asserted in prior petition) .

## III. CONCLUSION

For these reasons, the undersigned recommends that the petition be dismissed. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy[4] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 16th day of June, 2022.

/s/ F. Keith Ball                              .
UNITED STATES MAGISTRATE JUDGE

---

[4] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).